UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY A. JONES, Jr.,<br>CDCR No. P-69574,<br><br>                                    Plaintiff,<br><br>vs.<br><br>MARCUS POLLARD, Warden,<br>KATHLEEN ALLISON, Director of the<br>California Department of Corrections and<br>Rehabilitation, and JOHN DOE 1-6,<br><br>                                    Defendants. | Case No. 21cv162-MMA (RBM)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>[Doc. No. 2]<br><br>**DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE** |

Plaintiff Henry A. Jones, Jr., currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1), along with a Motion for leave to proceed in forma pauperis ("IFP") supported by a copy of his inmate trust account statement. *See* Doc. Nos. 2-3. Plaintiff claims Defendants were deliberately indifferent to his health and safety in violation of the Eighth Amendment as a result of their decision to use the mental health building at RJD, where he is housed, to quarantine inmates infected with Covid-19, thereby exposing him to the virus, with which he was infected two and one-half

weeks prior to filing the Complaint.  Doc. No. 1 at 3-4, 12-14.  He seeks injunctive relief in the form of a transfer from RJD and a Covid-19 vaccination, as well as $200,000 in compensatory damages and one million dollars in punitive damages.  *Id*. at 7.

Plaintiff admits he has three or more civil actions which have been dismissed for failure to state a claim which would ordinarily preclude him from proceeding IFP, *see Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (noting that under the three strikes provision of 28 U.S.C. § 1915(g) a prisoner who has, on three or more occasions, while incarcerated, brought an action which was dismissed for failure to state a claim, cannot proceed IFP without a showing of imminent danger), but alleges in a conclusory manner that he has satisfied the imminent danger exception to that prohibition.  *Id*. at 6.

**I.    Motion to Proceed IFP**

**A.    <u>Standard of Review</u>**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Ordinarily, because Plaintiff has submitted a certified trust account statement showing a balance in his account of $1,195.60, average monthly deposits of $1,100.00 for the last six months, and an average monthly balance of $399.70 for the last six months, the Court would assess an initial payment of 20% of the greater or (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, unless he had no assets.  *See* 28 U.S.C. §

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52, which does not apply to persons granted leave to proceed IFP.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).

1915(b)(1)&(4).  In this case, if Plaintiff were permitted to proceed IFP, despite the fact he has sufficient funds to pay the entire filing fee, the Court would assess an initial filing fee of 20% of $1,100.00, or $220.00.  *Id*.  The correctional institution would then collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which Plaintiff's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid, s*ee* 28 U.S.C. § 1915(b)(2), as prisoners who are granted leave to proceed IFP remain obligated to pay the entire fee in monthly installments regardless of whether their action is ultimately dismissed.  *Bruce v. Samuels*, 577 U.S. 82, 85 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

For prisoners like Plaintiff, however, the Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).  "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations and brackets omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).  To constitute a strike, a dismissal must be based on one of the enumerated grounds contained in 28 U.S.C. § 1915(g).  *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016), citing 28 U.S.C. § 1915(g) (enumerating grounds as "dismissed on the grounds it is frivolous, malicious, or fails to state a claim upon which

relief may be granted.")  "In other words, '(w)hen we are presented with multiple claims within a single action, we assess a PRLA strike only when the "case as a whole" is dismissed for a qualifying reason.'" *Harris v. Harris*, 935 F.3d 670, 674 (9th Cir. 2019), quoting *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016), quoting *Cervantes*, 493 F.3d at 1054.  A prisoner who has accumulated three strikes is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury."  *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52.

### B. Discussion

#### 1. Prior strikes

Plaintiff bears no burden to show that § 1915(g) does or does not bar him from proceeding IFP, although in this case Plaintiff indicates in his Complaint that he has accumulated three strikes within the meaning of that provision, *see* Doc. No. 1 at 6, and the Court may consider the district court docket to determine if any prior dismissals qualify as strikes.  *Andrews*, 398 F.3d at 1119-20.  Based on the dockets of court proceedings available on PACER,[2] the Court finds that Plaintiff Henry A. Jones, Jr., identified as CDCR Inmate #P-69574, has had at least five prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

(1) *Jones v. Pregerson, et al.*, No. 2:15-cv-6797-MWF-PLA (C.D. Cal. Dec. 4, 2015) (Order denying motion to proceed IFP and dismissing complaint on the grounds it is "[f]rivolous, malicious, or fails to state a claim upon which relief may be granted.") [ECF No. 10] (strike one);

(2) *Jones v. Pregerson, et al.*, No. 2:16-cv-0409-TJH-MRW (C.D. Cal. Jan. 27, 2016) (Order denying motion to proceed IFP and dismissing complaint on

---

[2] A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007), quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002).

the grounds it is "[f]rivolous, malicious, or fails to state a claim upon which relief may be granted [and] [s]eeks monetary relief from a defendant immune from such relief.") [ECF No. 12] (strike two);

(3) *Jones v. Wu*, No. 2:16-cv-2698-DDP-SS (C.D. Cal. Oct. 4, 2016) (Order denying motion to proceed IFP and dismissing complaint on the grounds it is "[f]rivolous, malicious, or fails to state a claim upon which relief may be granted," and finding Plaintiff had three or more prior strikes within the meaning of 28 U.S.C. § 1915(g)) [ECF No. 5] (strike three);

(4) *Jones v. Pregerson, et al.*, No. 2:16-cv-7978-PA-JEM (C.D. Cal. Nov. 8, 2016) (Order denying motion to proceed IFP and dismissing complaint on the grounds it is "[f]rivolous, malicious, or fails to state a claim upon which relief may be granted" and noting Plaintiff had three or more prior strikes within the meaning of 28 U.S.C. § 1915(g)) [ECF No. 16], *appeal dismissed as frivolous*, *Jones v. Pregerson*, *et al.*, No. 16-56839 (9th Cir. Jun. 13, 2017) [strike four]; and

(5) *Jones v. Pregerson, et al.*, No. 2:19-cv-7875-GW-JEM (C.D. Cal. Nov. 4, 2019) (Order denying motion to proceed IFP and dismissing case on the grounds it is "[f]rivolous, malicious, or fails to state a claim upon which relief may be granted," is barred by the three strikes provision of 28 U.S.C. § 1915(g), and seeks monetary damages from a defendant immune from such relief) [ECF No. 11] (strike five).

Accordingly, because Plaintiff has, while incarcerated, accumulated at least three "strikes" as defined by Section 1915(g), and in fact acknowledges he has, *see* Doc. No. 1 at 6, in order to be entitled to proceed IFP in this action he must make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint. *See Cervantes*, 493 F.3d at 1055.

**2. Imminent Danger Exception**

Plaintiff's Complaint does not contain a "plausible allegation" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Plaintiff alleges that two and one-half weeks before he filed his Complaint he became infected with Covid-19 as a result of the Defendants' decision to use the mental health facility at RJD, where he was housed, as a

5

quarantine unit for all RJD inmates infected with the virus, which he claims constituted deliberate indifference to his health and safety in violation of the Eighth Amendment. Doc. No. 1 at 3-4. He does not explain how these allegations show he is in imminent danger of serious physical injury at the time of filing his Complaint, but merely states in a conclusory manner they do. *Id*. at 6.

To qualify for Section 1915(g)'s imminent danger exception, the danger Plaintiff alleges he faces must be real, proximate, and/or ongoing at the time he filed his Complaint. *Cervantes*, 493 F.3d at 1056. Incidents of past harm, such as alleged by Plaintiff in his Complaint, are insufficient, as is his conclusory allegation of imminent danger. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) ("Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed."); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g)."). The allegations that Plaintiff became infected prior to the filing of the Complaint and is now seeking damages for becoming infected, as well as injunctive relief in the form of a transfer and vaccination, are insufficient to satisfy that standard. *Cervantes*, 493 F.3d at 1056; *see e.g.*, *Ruth v. Warden*, *et al*., 2021 WL 130007 at *3 (E.D. Cal. Jan. 14, 2021) (noting that imminent danger exception was not met by allegations plaintiff was infected with Covid-19 prior to filing of complaint unaccompanied by allegations of denial of medical care); *Henderson v. Welch*, *et al.*, 2021 WL 118999 (E.D. Cal. Jan. 13, 2021) (allegations plaintiff was moved into a Covid-19 infected building and infected prior to filing complaint failed to satisfy imminent danger exception).

Accordingly, the Court **DENIES** Plaintiff's Motion to proceed IFP. He may proceed with this action after paying the filing fee. *See Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. Section 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Weller v. Dixon*, 314 F.2d 598, 600 (9th Cir. 1963) (holding that permission to proceed IFP is a privilege within the

discretion of the court).

## III. Conclusion and Orders

For the reasons set forth above, the Court:

(1) **DENIES** Plaintiff's Motion to Proceed IFP (Doc. No. 2) as barred by 28 U.S.C. Section 1915(g); and,

(2) **DISMISSES** Plaintiff's Complaint for failure to satisfy the filing fee requirement. Unless Plaintiff pays the civil filing fee within forty-five (45) days of the date this Order is filed, the Court will enter a final judgment of dismissal.

**IT IS SO ORDERED**.

DATE: February 4, 2021

_Michael M. Anello_
Hon. Michael M. Anello
United States District Judge