UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY A. JONES, JR.,<br><br>                              Plaintiff,<br><br>v.<br><br>MARCUS POLLARD, Warden, et al.,<br><br>                              Defendants. | Case No. 21cv162-MMA (RBM)<br><br>**ORDER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A;**<br><br>**DISMISSING JOHN DOE DEFENDANTS; AND**<br><br>**DIRECTING CLERK OF COURT TO ISSUE A SUMMONS PURSUANT TO Fed. R. Civ. P. 4(b)** |

**I.     Procedural History**

On January 27, 2021, Henry A. Jones, Jr. ("Plaintiff"), a state prisoner incarcerated at the R. J. Donovan Correctional Facility ("RJD), in San Diego, California, proceeding *pro se*, filed a civil rights complaint pursuant 42 U.S.C. § 1983 along with a motion to proceed in forma pauperis. *See* Doc. Nos. 1-2.  In the Complaint, Plaintiff claims Defendants were deliberately indifferent to his health and safety in violation of the Eighth Amendment based on their decision to use the mental health building at RJD, where Plaintiff is housed, to quarantine inmates infected with Covid-19, thereby exposing him to the virus, with which he was infected.  *See* Doc. No. 1 at 3-4, 12-14.

On February 4, 2021, the Court denied Plaintiff's motion to proceed in forma pauperis on the basis that he has had at least three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* Doc. No. 5. Plaintiff was instructed that if he wished to proceed with this action, he was required to pay the civil filing fee. *Id*. at 7. He has now paid the filing fee. *See* Doc. No. 9.

**II.    Screening Pursuant to 28 U.S.C. § 1915A(b)**

    **A.    Standard of Review**

The Court must conduct an initial review of Plaintiff's Complaint under 28 U.S.C. § 1915A, which "mandates early review-'before docketing () or () as soon as practicable after docketing-for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) (quoting 28 U.S.C. § 1915A(a)). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint . . . if it (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dept. of Corr*., 856 F.3d 1281, 1283 (9th Cir. 2017) (quoting 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

    **B.    Application of Screening Standard**

Plaintiff alleges that as a result of the Defendants' decision to use the mental health

facility at RJD, where he is housed, as a quarantine unit for all RJD inmates infected with the Covid-19 virus, he became infected with the virus two and one-half weeks before he filed his Complaint, which he claims constituted deliberate indifference to his health and safety in violation of the Eighth Amendment.  *See* Doc. No. 1 at 3-4.  He alleges Defendant RJD Warden Pollard personally made the housing decision knowing it would expose the inmates to Covid-19 and knowing there was no treatment for the virus, and that Defendant Secretary of the California Department of Corrections and Rehabilitation Allison was aware of the serious risk of death to Plaintiff but was deliberately indifferent to that risk when she personally approved Defendant Pollard's housing decision and failed to act on prisoner petitions not to house infected inmates in the mental health ward.  *Id*.  Plaintiff identifies as John Doe Defendants 1-6 "Doctor's and Other's" at RJD and "Any one responsible for the care of Prisoner's [sic] in the custody, is and was acting under the care [sic] of state and federal law." *Id*. at 2.

"[A] prison official violates the Eighth Amendment when two requirements are met.  First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  Second, Plaintiff must allege the prison official he seeks to hold liable had a "sufficiently culpable state of mind," that is, "one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 302-03).  A prison official can be held liable only if he "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

With respect to Defendants Warden Pollard and Secretary Allison, the Court finds Plaintiff's Complaint contains a plausible claim sufficient to survive the "low threshold" set for sua sponte screening as required by 28 U.S.C. § 1915A(b).  *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *see also Teahan v. Wilhelm*, 481 F.Supp.2d 1115, 1119 (S.D. Cal. 2007) (noting that the sua sponte screening process is "cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to

bring."). However, it does not appear Plaintiff has requested that the Clerk issue a summons, "present[ed] a summons to the clerk for signature and seal" pursuant to Fed. R. Civ. P. 4(b), or has yet to execute service of his Complaint upon either of these two named Defendants. *See Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) (absent a specific request and court order that the U.S. Marshal effect service on their behalf pursuant to Fed. R. Civ. P. 4(c)(3), plaintiffs are responsible for timely service); *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Therefore, the Court will direct the Clerk of Court to issue the Summons and will, as set forth at the end of this Order, inform Plaintiff of the requirements for service of the Summons and Complaint on these two Defendants.

With respect to the John Doe Defendants, however, Plaintiff has set forth only conclusory allegations and his Complaint fails to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions,"" or an "unadorned, the defendant-unlawfully-harmed-me accusation," falls short of stating a § 1983 claim). In addition, Doe pleading is generally disfavored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *see also Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (Doe defendants must be identified and served within [90] days of the commencement of the action against them); Fed. R. Civ. P. 15(c)(1)(C) & 4(m). Where the identity of an alleged party is not known prior to filing of an action, Ninth Circuit authority permits Plaintiff the opportunity to pursue appropriate discovery to identify the unknown Doe, unless it is clear that discovery would not uncover their identity or his pleading requires dismissal for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999), citing *Gillespie*, 629 F.2d at 642. Here, dismissal is appropriate as to the Doe Defendants because there are no factual allegations against them.

//
//

## III.  Conclusion and Orders

Based on the foregoing, the Court **DISMISSES** the Doe Defendants without prejudice and **DIRECTS** the Clerk of the Court to issue a summons upon Defendants Warden Pollard and Secretary Allison identified in Plaintiff's Complaint pursuant to Fed. R. Civ. P. 4(b) so that he may execute service upon them as required by Fed. R. Civ. P. 4(c).  Plaintiff must effectuate personal service within 90 days of this Order, and file proof of that service pursuant to Fed. R. Civ. P. 4(l), or file a waiver pursuant to Fed. R. Civ. P. 4(d) within that time, or face dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 4(m).[1]

**IT IS SO ORDERED**.

DATE: June 16, 2021

_____
HON. MICHAEL M. ANELLO
United States District Judge

---

[1] Because Plaintiff is not proceeding IFP, and now that his pleading has survived the sua sponte screening required by 28 U.S.C. § 1915A, he is "responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1); *see* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").  The Court has tolled Rule 4(m)'s service clock while it has conducted its screening. *See Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1204 n.8 (9th Cir. 2014) (noting that "[o]ther federal circuit courts of appeals have held that the [90]–day service period is tolled until the court screens a plaintiff's in forma pauperis complaint and authorizes service of process") (citing *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010) and *Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 459 (3d Cir. 1996)).