UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY A. JONES, JR.<br>CDCR #P-69574,<br><br>                       Plaintiff,<br><br>v.<br><br>MARCUS POLLARD, Warden,<br>KATHLEEN ALLISON, Secretary,<br>and JOHN DOES 1-6,<br><br>                       Defendants. | Case No. 21cv162-MMA (RBM)<br><br>**ORDER DENYING MOTION TO AMEND COMPLAINT AND DENYING AS MOOT REQUEST FOR TEMPORARY WAIVER OF SERVICE FEES**<br><br>[Doc. No. 13] |

       On January 27, 2021, Henry A. Jones, Jr. ("Plaintiff"), a state prisoner incarcerated at the R. J. Donovan Correctional Facility ("RJD"), in San Diego, California, proceeding *pro se*, filed a civil rights complaint pursuant 42 U.S.C. § 1983 along with a motion to proceed in forma pauperis. *See* Doc. Nos. 1-2. In the Complaint, Plaintiff claims Defendants were deliberately indifferent to his health and safety in violation of the Eighth Amendment based on their decision to use the mental health building at RJD, where Plaintiff is housed, to quarantine inmates infected with Covid-19, thereby exposing him to the virus, with which he was infected. *See* Doc. No. 1 at 3-4, 12-14.

       On February 4, 2021, the Court denied Plaintiff's motion to proceed in forma pauperis on the basis that he has had at least three prior prisoner civil actions dismissed

on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* Doc. No. 5. Plaintiff subsequently paid the filing fee. *See* Doc. No. 9. On June 16, 2021, the Court screened the Complaint pursuant to the provisions of 28 U.S.C. § 1915A. *See* Doc. No. 10. That provision "mandates early review 'before docketing () or () as soon as practicable after docketing-for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) (quoting 28 U.S.C. § 1915A(a)). The Court found the Complaint contains a plausible claim sufficient to survive the "low threshold" set for sua sponte screening under 28 U.S.C. § 1915A(b) as to Defendants Warden Pollard and Secretary Allison. *See* Doc. No. 10 at 3. The Court directed the Clerk of Court to issue the Summons and informed Plaintiff of the requirements for service of the Summons and Complaint on those two Defendants. *Id*. at 4-5.

With respect to the John Doe Defendants, who Plaintiff identified in the Complaint as "Doctor's & Other's" at RJD (Doc. No. 1 at 2), the Court found Plaintiff had set forth only conclusory allegations against them and his Complaint therefore fails to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Doc. No. 10 at 4. The Court dismissed these Defendants without prejudice. *Id*.

Plaintiff has now filed a Motion for leave to amend his Complaint to attempt to state a claim against one of the Doe Defendants. *See* Doc. No. 13. He identifies Dr. Blaidale as one of the Doe Defendants identified in the original Complaint. *Id*. at 1. However, the only allegations against this Defendant are that he "has and still continues to retaliate against Plaintiff," and "is responsible for my treatment, but in violation, [sic] & continue to violate Plaintiff's Eighth Amendment." *Id*.

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave to amend should be denied if the amendment would be futile. *Gordon v. City of Oakland*, 627 F.3d 1092, 1094-95 (9th Cir. 2010). Plaintiff was instructed in the Court's previous Order that his allegations against the Doe Defendants

failed to state a claim because they were either nonexistent or entirely conclusory.  *See* Doc. No. 10 at 4.  The proffered allegations against Dr. Blaidale are also entirely conclusory and do not state a claim under the standards set forth in the Court's previous Order.  *See id*. at 3.  Under those standards, a prison official can be held liable only if he "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id*. (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  There are no factual allegations to suggest Dr. Blaidale was aware of and deliberately disregarded a substantial risk to Plaintiff's health or safety, and therefore it would be futile to allow Plaintiff to substitute Dr. Blaidale as a Doe Defendant.

Attached as an exhibit to Plaintiff's Motion to amend is a request for a temporary waiver of service fees dated June 27, 2021.  *See* Doc. No. 13 at 9.  Plaintiff indicates he has $1400 in his prison trust account and can pay the service fees, but the money will not be released for his use until July 1, 2021 and requests a temporary waiver of the service fees until the money is available.  *Id*.  The request is moot, as it appears the time to release the funds has passed and Plaintiff no longer needs the temporary waiver.

Accordingly, the Court **DENIES** Plaintiff's Motion for leave to amend the Complaint and **DENIES AS MOOT** his request for temporary waiver of service fees.  The Court reminds Plaintiff he must effectuate personal service upon Defendants Warden Pollard and Secretary Allison within 90 days of the Court's June 16, 2021 Order and file proof of that service pursuant to Rule 4(l) or file a waiver pursuant to Rule 4(d) within that time, or face dismissal for failure to prosecute pursuant to Rule 4(m).

**IT IS SO ORDERED**.

DATE: July 12, 2021

HON. MICHAEL M. ANELLO
United States District Judge