UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY A. JONES, JR. <br> CDCR #P-69574, <br><br> Plaintiff, <br><br> v. <br><br> MARCUS POLLARD, Warden, <br> KATHLEEN ALLISON, Secretary, <br><br> Defendants. | Case No.: 21cv0162-MMA (RBM) <br><br> **ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND GRANTING MOTION FOR AN EXTENTION OF TIME TO SERVE DEFENDANTS** <br><br> [Doc. Nos. 16, 18] |

On January 27, 2021, Henry A. Jones, Jr. ("Plaintiff"), a state prisoner incarcerated at the R. J. Donovan Correctional Facility ("RJD"), in San Diego, California, proceeding pro se, filed a civil rights complaint pursuant 42 U.S.C. § 1983 along with a motion to proceed in forma pauperis. *See* Doc. Nos. 1-2. Plaintiff claims Defendants were deliberately indifferent to his health and safety in violation of the Eighth Amendment based on their decision to use the mental health building at RJD, where Plaintiff is housed, to quarantine inmates infected with Covid-19, thereby exposing him to the virus, with which he was infected. *See* Doc. No. 1 at 3-4, 12-14.

On February 4, 2021, the Court denied Plaintiff's motion to proceed in forma pauperis on the basis that he has had at least three prior prisoner civil actions dismissed

on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  *See* Doc. No. 5.  Plaintiff subsequently paid the filing fee.  *See* Doc. No. 9.  On June 16, 2021, the Court screened the Complaint pursuant to the provisions of 28 U.S.C. § 1915A.  *See* Doc. No. 10.  That provision "mandates early review—'before docketing () or () as soon as practicable after docketing-for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'"  *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) (quoting 28 U.S.C. § 1915A(a)).

      The Court found Plaintiff states a plausible claim sufficient to survive the "low threshold" set for sua sponte screening under 28 U.S.C. § 1915A(b) as to Defendants Warden Pollard and Secretary Allison.  *See* Doc. No. 10 at 3.  The Court directed the Clerk of Court to issue the Summons and informed Plaintiff of the requirements for service of the Summons and Complaint on those two Defendants.  *Id*. at 4-5.  The Court notified Plaintiff that the 90-day period in which to timely serve the Summons and Complaint on those Defendants had been tolled while his Complaint was in screening and that it began to run on the date the screening Order issued, June 16, 2021, which was also the date the Summons issued.  *Id*. at 5, n.1.  Accordingly, the 90-day service period is set to expire on September 14, 2021.  *See* Fed. R. Civ. P. 4(m).

      On July 22, 2012, Plaintiff filed a Motion to proceed in forma pauperis and a Motion requesting an extension of time to serve Defendants.  *See* Doc. Nos. 16, 18.  The Court **DENIES** Plaintiff's Motion to proceed in forma pauperis for the reasons set forth in the Court's February 4, 2021 Order denying his original in forma pauperis application, namely, that Plaintiff is ineligible to proceed in forma pauperis because he has had at least three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  *See* Doc. No. 5 at 3-7.

      Plaintiff's Motion for an extension of time to serve the Defendants indicates that although he is financially able to pay the service fees and is willing to do so he has

encountered obstacles in having the funds taken from his inmate trust account. *See* Doc. No. 18 at 3. He requests an extension of "no more than 45 days." *Id*. at 1. The Court has discretion to extend the time for service of the Summons and Complaint for "good cause" where the moving party requests an extension before the applicable deadline expires. Fed. R. Civ. P. 6(b)(1)(A). That Rule must be "liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1255 (9th Cir. 2010).

The Court finds Plaintiff's request is timely and that he has shown good cause for an extension. Accordingly, the Court **GRANTS** Plaintiff's Motion for an extension of time to serve the Summons and Complaint on Defendants and extends that deadline for the forty-five (45) days requested by Plaintiff to **October 29, 2021**.

**Conclusion and Orders**

The Court **DENIES** Plaintiff's Motion for to proceed in forma pauperis (Doc. No. 16) and **GRANTS** Plaintiff's Motion for an extension of time to serve Defendants (Doc. No. 18). Plaintiff must serve Defendants Warden Pollard and Secretary Allison on or before **October 29, 2021** and file proof of that service pursuant to Fed. R. Civ. P. 4(l), file a waiver pursuant to Fed. R. Civ. P. 4(d) within that time, or face dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED**.

DATE: July 28, 2021

HON. MICHAEL M. ANELLO
United States District Judge