UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY A. JONES, JR.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>MARCUS POLLARD, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 21-cv-162-MMA (RBM)<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>[Doc. No. 24] |

　　　On January 27, 2021, Plaintiff Henry A. Jones, Jr. ("Plaintiff"), a state prisoner proceeding *pro se*, filed a civil rights complaint against Marcus Pollard and Kathleen Allison ("Defendants") pursuant to 42 U.S.C. § 1983 (the "Complaint"). *See* Doc. No. 1. On February 4, 2021, the Court denied Plaintiff's motion to proceed in forma pauperis on the basis he has had at least three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* Doc. No. 5. Plaintiff subsequently paid the filing fee. *See* Doc. No. 9.

　　　On June 16, 2021, the Court screened the Complaint pursuant to 28 U.S.C. § 1915A and found that Plaintiff met the "low threshold" to survive dismissal *See* Doc. No. 10 at 3. The Court directed the Clerk of Court to issue a Summons and informed Plaintiff of the requirements for service of the Summons and Complaint. *See id.* at 5. Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff's 90-day window to timely serve the Summons and Complaint—which had been tolled while his Complaint was in

screening and began to run on the date of the screening Order, June 16, 2021—was set to expire on September 14, 2021. *See* Fed. R. Civ. P. 4(m). On July 28, 2021, the Court granted Plaintiff's motion to extend the time to serve the Summons and Complaint and extended the deadline to October 29, 2021.

On August 20, 2021, Plaintiff filed a motion to direct the U.S. Marshal Service to effect service of the Summons and Complaint on the Defendants. *See* Doc. No. 21. However, because Plaintiff is not authorized to proceed in forma pauperis, he is not entitled to service of process by the U.S. Marshal Service. *See* Doc. No. 22. Accordingly, the Court denied his motion. *See id.* Plaintiff now moves for appointment of counsel. *See* Doc. No. 24.

There is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires the Court "to consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015) (quoting Palmer, 560 F.3d at 970).

Plaintiff explains that he has "recurrent episodes of mental health concerns" and "can no longer focus on stressful legal litigation[]." Doc. No. 24 at 1. However, he fails to demonstrate the likelihood of success or the legal complexity required to support the appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1). *See Terrell*, 935 F.3d at 1017; *Palmer*, 560 F.3d at 970. The Court has found his pleadings to date sufficient to survive the mandatory screening required by 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, Plaintiff appears capable of articulating a factual basis for his

claims. Moreover, his Eighth Amendment claim is not legally "complex." *Agyeman*, 390 F.3d at 1103. Therefore, neither the interests of justice nor any exceptional circumstances warrant appointment of counsel at this time. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017. Accordingly, the Court **DENIES** Plaintiff's motion without prejudice.

To the extent Plaintiff seeks assistance from counsel to properly serve Defendants, the Court **DIRECTS** the Clerk of Court to mail Plaintiff, along with a copy of this Order, a blank Waiver of Service of Summons form.

**IT IS SO ORDERED**.

Dated: October 7, 2021

HON. MICHAEL M. ANELLO
United States District Judge