UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY A. JONES, JR.,<br><br>　　　　　　　　　Plaintiff,<br>v.<br>MARCUS POLLARD,<br><br>　　　　　　　　　Defendant. | Case No.: 21-cv-162-MMA (RBM)<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST TO SUPPLEMENT MOTION FOR PRELIMINARY INJUNCTION; AND**<br><br>[Doc. No. 45]<br><br>**DENYING MOTION FOR PRELIMINARY INJUNCTION**<br><br>[Doc. No. 40] |

Plaintiff Henry A. Jones, Jr., a California state inmate proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging violation of his Eighth Amendment rights. *See* Doc. No. 1 ("Compl."). Plaintiff now moves for preliminary injunctive relief in the form of a "transfer to the Medical Facility located in Stockton." Doc. No. 40. Defendant has filed a response in opposition to Plaintiff's motion. *See* Doc. No. 46. For the reasons set forth below, the Court **GRANTS** Plaintiff's request to supplement his motion and **DENIES** Plaintiff's motion for preliminary injunction.

## EX PARTE REQUEST TO SUPPLEMENT MOTION

As an initial matter, Plaintiff has filed an "ex parte motion requesting to file suppl[e]ment pleadings pursuant to Fed. R. Civ. P 15(a)." Doc. No. 45. However, Plaintiff specifically asks the Court to allow him "to amend [his] preliminary injunction," *id.* at 1, and the body of his motion seems aimed at that purpose. Plaintiff contends that he received a COVID-19–related "Petition for Release" on April 23, 2022, but clarifies that he does not seek preliminary injunctive relief in the form of release. *Id.* at 2. Instead, he asserts he is seeking a preliminary injunction to be "housed in a medical facility, or made single cell status." *Id.*; *see also id.* at 2 (explaining he is not seeking release "but rather placed in a facility/medical with adequate isolation . . . I am only asking the Court[] w/ respec[]t to my Preliminary Injunction for housing purposes & single cell status, and sent to another facility").

Plaintiff filed this motion prior to Defendant's opposition deadline, and Defendant addressed its content in opposition. *See* Doc. No. 46 at 13. Accordingly, there is no prejudice to Defendant if the Court considers the content of Plaintiff's supplemental filing. Therefore, to the extent Plaintiff seeks to supplement his motion for preliminary injunction or clarify his request, the Court **GRANTS** his motion.[1]

## MOTION FOR PRELIMINARY INJUNCTION

### A. Legal Standard

Federal Rule of Civil Procedure 65(a) empowers the Court to grant preliminary injunctive relief. Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7,

---

[1] However, to the extent Plaintiff seeks leave to amend his complaint pursuant to Federal Rule of Civil Procedure 15, as the title of his motion suggests, the Court **DENIES** the motion without prejudice. Plaintiff is reminded that he does not need to supplement his complaint with evidence of exhaustion because exhaustion is an affirmative defense that Defendant bears the burden of proving. *See Jones v. Bock*, 549 U.S. 199, 216 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints.").

22 (2008).  A plaintiff seeking injunctive relief "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  *Winter*, 555 U.S. at 22.

Requests for prospective relief are further limited by the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the federal right."  18 U.S.C. § 3626(a)(1)(A).  Section 3626(a)(2) places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum."  *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000).

**B.   Analysis**

Plaintiff brings an Eighth Amendment claim against Defendant based upon Defendant's alleged decision to house COVID-19–infected inmates at R.J. Donovan Correctional Facility's ("RJD") mental health building.  According to Plaintiff he is still housed at RJD; while he is currently receiving treatment at California Medical Facility ("CMF"), he "will be transferred back" to RJD.  Doc. No. 40 at 1.  Accordingly, he appears to seek either permanent placement at CMF or some other medical facility, or single-cell status, presumably at RJD if he returns.

As a preliminary matter, Plaintiff does not have a constitutional right to receive medical treatment from the physician or other medical provider of his choice.  *See, e.g., Calloway v. Contra Costa Cty. Jail Corr. Officers*, 2007 U.S. Dist. LEXIS 3038, 2007

1 | WL 134581, at *31 (N.D. Cal. Jan.16, 2007) (rejecting "the proposition that a prisoner
2 | has an Eighth Amendment right to receive treatment in the location or with the provider
3 | of his choice"), *aff'd*, 321 F. App'x 605 (9th Cir. 2009).  Nor does Plaintiff have a
4 | constitutional right to incarceration in a prison of his choice.  *Pratt v. Rowland*, 65 F.3d
5 | 802, 806 (9th Cir. 1995).  Accordingly, to the extent Plaintiff seeks a transfer or
6 | permanent placement at a particular facility, *see* Doc. No. 40 at 2, he is not entitled to that
7 | relief.
8 |     In order to merit immediate injunctive relief, Plaintiff first must establish probable
9 | success on the merits with respect to his claims.  Among other things, this includes
10 | demonstrating that Defendant has knowingly disregarded an excessive risk to Plaintiff's
11 | health.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Plaintiff must also
12 | demonstrate that irreparable injury is likely in the absence of an injunction.  *See*
13 | *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).  Although Plaintiff's
14 | claim has survived a Rule 12(b)(6) motion, Plaintiff has not demonstrated that his Eighth
15 | Amendment claim is likely to succeed on the merits.  *See Poslof v. Martel*, No. 3:18-cv-
16 | 00761-MMA-AGS, 2018 U.S. Dist. LEXIS 160370, at *15 (S.D. Cal. Sep. 19, 2018)
17 | ("The fact that plaintiff has met the pleading requirements allowing him to proceed with
18 | the complaint does not, *ipso facto*, entitle him to a preliminary injunction.") (internal
19 | citation and quotation marks omitted).  Moreover, Plaintiff fails to demonstrate that he
20 | faces imminent harm if his motion is not granted.  The mere assertion that he "will be
21 | transferred back to RJD," with no indication of when or what harm he will face upon
22 | return is insufficient to entitle him to injunctive relief.  Plaintiff already contracted
23 | COVID-19, *see* Compl. at 32, and has been fully vaccinated against the virus since
24 | October 2021.  *See* Doc. No. 46-2 ("Ebert Decl.") ¶ 12.  Further, as of May 24, 2022,
25 | RJD reports zero active COVID-19 cases among inmates.[2]  Therefore, any harm is

---

[2] The Court **GRANTS** Defendant's request for judicial notice and judicially notices both the CDCR's website page on RJD, *see* About the Warden, Richard J. Donovan Correctional Facility (RJD), CDCR,

speculative at best and insufficient to entitle Plaintiff to preliminary injunctive relief

Further, assuming Plaintiff has met his Rule 65(a) burden, the Court lacks the authority to grant the relief he seeks. Plaintiff has been housed at CMF since September 2021, and there are no current orders for his transfer. *See* Ebert Decl. ¶¶ 6, 11. Accordingly, since Plaintiff has already been transferred, his requests for injunctive relief relating to his housing at or within RJD are now moot. Moreover, Plaintiff's claims arise out of events occurring at RJD, where Plaintiff is no longer housed, and the only defendant in this action is RJD's warden. The mere fact that Plaintiff is challenging his treatment at RJD does not give rise to jurisdiction over CDCR prisons and personnel in general. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). As such, the Court lacks the authority to order anyone at CMF, *i.e.*, officials not subject to the Court's jurisdiction, to make any housing decisions. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969).

## Conclusion

Based on the foregoing, the Court **DENIES** Plaintiff's motion for preliminary injunctive relief.

**IT IS SO ORDERED**.

Dated: May 25, 2022

HON. MICHAEL M. ANELLO
United States District Judge

---

available at https://www.cdcr.ca.gov/facility-locator/rjd/ (last visited May 24, 2022), and CDCR's COVID-19 Tracking system, *see* Population COVID-19 Tracking, CDCR available at https://www.cdcr.ca.gov/covid19/population-status-tracking/ (last visited May 24, 2022).