UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

HENRY A. JONES, JR.,

Plaintiff,

v.

MARCUS POLLARD, Warden,

Defendant.

Case No.: 3:21-cv-0162-MMA-BGS

ORDER:
   (1) **GRANTING DEFENDANT'S EX PARTE APPLICATION TO MODIFY THE SCHEDULING ORDER**
   (2) **DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL**
   (3) **ADDRESSING OTHER FILINGS AND SUBMISSIONS BY PLAINITFF**

[ECF 52, 65, 68, 72]

## I.     INTRODUCTION

Plaintiff, a state prisoner proceeding *pro se*, filed this action under 42 U.S.C. § 1983 alleging Defendant was deliberately indifferent to his health and safety in violation of the Eighth Amendment based on the quarantining of inmates with COVID-19 in the mental health building he was housed in at R.J. Donovan ("RJD"). (ECF 1; *see also* ECF 39 at 2-4 (summarizing allegations of the Complaint).)

Plaintiff has filed a second Motion for the Appointment of Counsel (ECF 65) and a filing that appears to seek judicial notice and sanctions (ECF 52). Additionally, Plaintiff

has also submitted a document captioned "Motion to Compel" followed by "Motion Under Seal and Not for the AG Viewing," and submitted a document that appear to be related to settlement.

Defendant has filed an *Ex Parte* Application to Modify the Scheduling Order. (ECF 68), and a Status Report seeking to modify the Scheduling Order. (ECF 72.)

For the reasons set forth below Plaintiff's Motion to Appoint Counsel and his other requests are **DENIED** and Defendant's requests to amend the Scheduling Order are **GRANTED** as set forth below. The Court has additionally addressed Plaintiff's settlement-related submission to the Court.

## II.    BACKGROUND

Plaintiff's Complaint alleges that he was exposed to and contracted COVID-19 because prisoners infected with COVID-19 were housed in the mental health building at RJD despite his complaints and the complaint of other prisoners already housed there and not infected. (ECF 1 at 12.) The Complaint lists numerous grievances Plaintiff filed in May and June 2020 related to his underlying health conditions and his efforts to be released on that basis. (*Id.*) The Complaint also alleges that on December 6, 2020 an infected inmate in a particular cell for several hours and then the following day all the inmates were tested for and then notified they had COVID-19. (*Id.* at 12-13.)

## III.    DISCUSSION

### A.    Motion for Appointment of Counsel

Plaintiff has filed second[1] Motion for Appointment of Counsel. (ECF 65.) Plaintiff argues he is entitled to appointment of counsel because of the complexity of this case, that it involves medical issues, and that the conditions in the prison, including general allegations of violence and lack of access to the law library. (*Id.* at 1-2.) Plaintiff also argues

---

[1] Plaintiff's first motion to appoint counsel was denied. (ECF 24-25.)

this case is more complex than another of his cases where counsel was appointed (*Id.* at 2 (citing *Jones v. Kuppinger*, Case No. 2:13-cv-045).)

### 1.    Legal Standard

"[T]here is no constitutional right to appointed counsel for § 1983 claims . . . ." *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions."). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer*, 560 F.3d at 760 (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer*, 560 F.3d at 760

### 2.    Analysis

Plaintiff has not shown exceptional circumstances warranting appointment of counsel. Plaintiff has demonstrated his ability to present both factual and legal arguments, and he appears to have a sufficient understanding of the legal process. As noted in the prior Order denying appointment of counsel, his pleadings survived screening. (ECF 25 at 3.) Additionally, since that denial, Plaintiff has filed an Opposition to a Motion to Dismiss (ECF 33), filed a request for a preliminary injunction he obtained leave to amend (ECF 40, 45, 47), and participated in an Early Neutral Evaluation and Case Management Conference. (ECF 62). Additionally, it does not appear that the legal issues involved are so complex that counsel is warranted at this stage of the proceedings. *See Wilbron v. Escalderon*, 789 F.2d 1328, 1331 (noting that, "[i]f all that was required to establish successfully the

complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues.").[2]

As to his likelihood of success on the merits, as noted above, Plaintiff has had some success at the pleading stage of this case. However, when his likelihood of success is considered in conjunction with his ability to articulate his claims and the complexity of the issues involved, he has not shown exceptional circumstances justifying appointment of counsel. Accordingly, the Court **DENIES** Plaintiff's request for appointment of counsel. (ECF 65.)

### B.    Plaintiff's Additional Filings and Submissions

#### 1.    Request to file sanctions and judicial notice

Plaintiff submitted a filing captioned "Motion: Requesting to File Sanctions on Defendant; Motion: Requesting the Court to Take Judicial Notice." (ECF 52 at 1.[3]) The filing requests "the Courts to Take Judicial Notice : On why I'm not being release[d] Back to my Facility" and "Requesting the Courts to Sanction the Attorney General . . . for having B. Ebert who's acting in concert and a conspiracy to provide the court with misinformation, with falsifying court proceedings with Perjury declarations." (*Id.*) As an initial matter, this is not a proper motion, however, the Court attempts to treat it as such.

Plaintiff's filing indicates he disputes B. Ebert's statement, provided in support of Defendant's Opposition to Plaintiff's request for a TRO, that Covid-19 is no longer active and Plaintiff's transfer back to Donovan is speculative. (ECF 51 at 2.) Plaintiff argues that these statements are false and were made to give the impression Plaintiff was not returning to Donovan in the foreseeable future. (ECF 52 at 2.) He quotes a portion of Defendant's brief opposing the TRO that argues Plaintiff's claims based on a facility he is not in are not

---

[2] It appears that Plaintiff was only appointed counsel in the case he cited as being less complex than this one for purposes of a settlement conference, initially, and then later in the case for trial. It does not appear he was appointed counsel at this stage of that case.
[3] The Court cites the CM/ECF electronic pagination unless otherwise noted.

cognizable. (*Id.* at 2.) He seems to think B. Ebert's declaration that his return to Donovan is speculative is part of a conspiracy to keep him from returning to Donovan to undercut his claim for injunctive relief at a facility where he is not housed. (*Id.* at 1-2.)

While Plaintiff characterizes the declaration as some sort of nefarious tactic intended to mislead the court that warrant sanctions, he is essentially disagreeing with the declaration. His disagreement with the declaration is not a sufficient reason for sanctions. Accordingly, to the extent the filing could be construed as a request for sanctions or leave to file a motion for sanctions, it is **DENIED**.

### 2.    Other Submissions

Plaintiff has also submitted a document captioned "Motion to Compel" followed by "Motion Under Seal and Not for the AG Viewing," and submitted a one-page document with a one-page attachment that appears to be related to negotiating a settlement. Neither of these submissions have been filed because they either relate to settlement, a matter typically kept confidential, or as to Plaintiff's Motion, he has improperly requested to file it "Not for the A.G. viewing."

### a)    Motion Not for A.G. Viewing

Plaintiff's Motion "Not for the A.G. viewing" appears to be an attempt to obtain a Court order to require production of two documents, a legal mail log and some type of radiology images. However, as to the mail log, he indicates that he did receive a response, it was just blank. And, as to the radiology images, which appear to be some portion of Plaintiff's own medical records, the Court cannot determine what exactly he requested and from who, how he requested it, or why they did not provide it.

As to the attempt to prevent Defendant from being apprised of this filing, that request is **DENIED**. Although Plaintiff does state "under seal" on this submission, he has not identified any basis for filing it under seal and it appears he is simply attempting to

communicate with the Court *ex parte* regarding discovery.[4] *Ex parte* communication is generally not permitted except for settlement communications and even then, as noted below, only when initiated by the Court. Additionally, the parties are required to attempt to resolve any discovery disputes before raising them with the Court, and it does not appear that was done here. (ECF 63 ¶ 4.) The Court recognizes, given Plaintiff's attempt to hide this filing from Defendant, that it is unlikely Plaintiff issued these discovery requests to Defendant. However, Plaintiff is not permitted to pursue Court orders related to compelling discovery without notifying Defendant. This submission shall be filed in the case docket.

Substantively, the Court cannot compel anyone to do anything based on this filing. As to the mail logs, it is unclear who Plaintiff sought the mail logs from and how. Additionally, if the mail logs Plaintiff received were blank, it is unclear if they were blank because there was nothing logged on them or for some other legitimate reason. Regardless, there is insufficient information provided for the Court to issue any order compelling a different response. As to the imaging, it is also unclear who Plaintiff requested this information from and whether he did it properly. The Court suspects that Plaintiff should be able to obtain his own medical records, however, the Court is not going to order vaguely identified medical records produced when it is not even clear who and how Plaintiff requested them himself. Accordingly, Plaintiff's Motion to Compel is **DENIED**.

### b) Settlement Communication

As indicated in the Court's Order setting an Early Neutral Evaluation Conference in this case and in scheduling the Mandatory Settlement Conference, there are times when the Court will seek settlements statements from the parties regarding their settlement positions. As also indicated in those orders, the Court treats those

---

[4] The Court also notes that while there is a page sufficient for the Court to determine it has something to do with radiology images, there is nothing in this filing that would appear to disclose any confidential medical information that would need to be sealed or redacted.

3:21-cv-0162-MMA-BGS

confidentially and does not disclose those positions to the opposing party without permission from the party that submitted the statement. Accordingly, a communication to the Court regarding settlement would generally not be docketed. As such this submission has not been because it discusses settlement.

However, any future communications to the Court related to settlement should be captioned "Confidential Settlement Statement" or "Confidential Settlement Communication" to avoid having the submission docketed and to ensure that submissions that are not related to settlement are docketed.[5] This one-page document appears to be primarily related to settlement. However, going forward, any submission that Plaintiff hopes to keep confidential based on settlement should be appropriately designated that way. Additionally, settlement communications should generally only be submitted when requested by the Court. To the extent the parties seek assistance from the Court in settlement or want to request an additional settlement conference in advance of the MSC already scheduled, they should meet and confer and jointly make that request.

## C.    Amendment of the Scheduling Order

Defendant has filed an *Ex Parte* Application to Amend the Scheduling Order and a Status Report requesting a 60-day extension of the time to complete fact discovery and that the dates following also be extended 60 days. (ECF 68, 72.) Defendant initially sought to modify the Scheduling Order to allow the parties to wait to complete discovery until resolution of a Motion to Amend that Plaintiff had filed. (ECF 68.) Defendant argued the pleadings should be settled prior to completing fact discovery. (ECF 68.) Plaintiff has now withdrawn his Motion to Amend and Defendant seeks sufficient additional time to complete fact discovery, including Plaintiff's deposition, on the now-settled version of Plaintiff's complaint. (ECF 72.) Defendant notes that 15-days written notice is required prior to Plaintiff's deposition. (ECF 72.)

---

[5] Although there are references within the one-page document to Plaintiff's pleading, it appears to be related to settlement.

7

3:21-cv-0162-MMA-BGS

1   The Court finds an extension of the time to complete fact discovery is warranted,

2   particularly given the time needed to notice and arrange for Plaintiff's deposition.

3   However, 60 days is not justified at this time.[6] Accordingly, the deadline to complete fact

4   discovery is extended to **January 30, 2023**.

5   Given Defendant's request only generally sought to extend all deadlines 60 days

6   without specifically addressing the need to extend expert discovery deadlines, the Court

7   only continues those deadlines as follows: designate experts by **February 6, 2023** with

8   rebuttal expert designations by **February 17, 2023;** Rule 26(a)(2)(B) and (C) disclosures

9   by **March 10, 2023** with parties to supplement disclosures under Rule 26(a)(2)(D) by

10  **March 22, 2023**. The remaining deadlines set in the Scheduling Order are not modified.

## IV.   CONCLUSION

12  Plaintiff's Motion for Appointment of Counsel is **DENIED**. (ECF 65.) Plaintiff's

13  request for sanctions or to file for sanctions is **DENIED**. (ECF 52.) Plaintiff's Motion to

14  Compel is **DENIED** and shall be filed by the Clerk. Defendant's requests to amend the

15  Scheduling Order are **GRANTED in part** as set forth above.

16  **IT IS SO ORDERED**.

17  Dated:  December 21, 2022

18  Hon. Bernard G. Skomal
19  United States Magistrate Judge

---

[6] If there are delays beyond the control of Defendant and Plaintiff in scheduling and conducting Plaintiff's deposition, the parties may request an extension for purposes of the deposition. However, any such request should include the date the deposition is scheduled to go forward.