UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY A. JONES, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>MARCUS POLLARD, Warden,<br><br>    Defendant. | Case No.:  3:21-cv-0162-GPC-BGS<br><br>**ORDER:**<br>  **(1) GRANTING IN PART DEFENDANT'S MOTION TO MODIFY THE SCHEDULING ORDER TO EXTEND THE DISPOSITIVE MOTIONS DEADLINE**<br>  **(2) SETTING MANDATORY SETTLEMENT CONFERENCE AND PRETRIAL DEADLINES**<br><br>[ECF 77] |

    Defendant M. Pollard has filed a Motion to Modify the Scheduling Order to Extend the Dispositive Motions Deadline from May 5, 2023 to July 5, 2023. The Motion indicates that the case was recently reassigned to new counsel for Defendant and she will need time to review the records and discovery to assess the viability of any dispositive motions and to adequately prepare any dispositive motions if appropriate. The Court finds a shorter extension is warranted and extends the deadline to file dispositive motions from May 5, 2023 to **June 5, 2023**.

1

The Court sets the following additional deadlines not included in the Scheduling Order:

1. A Mandatory Settlement Conference shall be conducted on **August 25, 2023 at 2:00 PM** before Magistrate Judge Bernard G. Skomal by videoconference[1] pursuant to the instructions below. All parties, adjusters for insured defendants, and client representatives must participate and have full and complete authority to enter into a binding settlement at the MSC.[2] The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior. Parties seeking permission to be excused from participating in the MSC must follow the procedures outlined in Judge Skomal's Chambers' Rules. Failure of any of the above parties to participate in the MSC without the Court's permission will be grounds for sanctions. The principal attorneys responsible for the litigation must also participate in the conference and be prepared to discuss all of the legal and factual issues in the case.

2. Counsel or any party representing himself or herself shall lodge confidential MSC briefs with chambers by **August 11, 2023**. The briefs must address the legal and factual issues in the case and should focus on issues most pertinent to settling the matter. Briefs do not need to be filed or served on opposing counsel. The briefs must also include any prior settlement offer or demand, as well as the offer or demand the party

---

[1] If a further Court order is necessary for Plaintiff to participate by videoconference, the parties shall file a joint motion and submit a proposed order for the Court's consideration. If Plaintiff is not permitted by his facility to participate by Zoom, the parties shall file a joint motion seeking to convert it to a telephonic conference at least a week before the conference.

[2] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Intl., Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The person must be able to bind the party without the need to call others not present at the conference for authority or approval. The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

will make at the MSC.  The Court will keep this information confidential unless the party authorizes the Court to share the information with opposing counsel.  **MSC briefs must be emailed to efile_Skomal@casd.uscourts.gov.**

3. Pursuant to Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures, the parties are excused from the requirement of Local Rule 16.1(f)(2)(a); no Memoranda of Law or Contentions of Fact are to be filed.

4. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **September 8, 2023**.  Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

5. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **September 15, 2023**.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c).  Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3).  Counsel shall cooperate in the preparation of the proposed pretrial conference order.

6. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  By **September 22, 2023**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval.  Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

7. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **September 29, 2023**, and shall be in the form

prescribed in and comply with Local Rule 16.1(f)(6).

8. The final Pretrial Conference is scheduled on the calendar of the **Honorable Gonzalo P. Curiel** on <u>**October 6, 2023**</u> at <u>**1:30 p.m.**</u> The Court will set a trial date during the pretrial conference. The Court will also schedule a motion in limine hearing date during the pretrial conference.

**<u>Video Conference Instructions for Mandatory Settlement Conference:</u>**

1. The Court will use its official Zoom video conferencing account to hold the MSC. IF YOU ARE UNFAMILIAR WITH ZOOM: Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[3] Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the MSC.[4] There is a cost-free option for creating a Zoom account.

2. Prior to the start of the MSC, the Court will email counsel for each party an invitation to join a Zoom video conference that they must provide to participating client(s). The Court will send the invitation to the email addresses listed for counsel in the case docket. If counsel does not receive an invitation to join the Zoom video conference by the end of the day on **August 23, 2023**, please email chambers at efile_skomal@casd.uscourts.gov. Again, if possible, participants are encouraged to use laptops or desktop computers for the video conference. Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation. Participants

---

[3] If possible, participants are encouraged to use laptops or desktop computers for the video conference, rather than mobile devices.

[4] For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697.

who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding. Zoom may then prompt participants to enter the password included in the invitation.[5] All participants will be placed in a waiting room until the MSC begins.

3. Each participant should plan to join the Zoom video conference **at least five minutes before** the start of the MSC to ensure that the MSC begins promptly at 2:00 PM.

4. Zoom's functionalities will allow the Court to conduct the MSC as it ordinarily would conduct an in-person MSC. The Court may divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[6] In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence. Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

5. All participants shall display the same level of professionalism during the MSC and be prepared to devote their full attention to the MSC as if they were attending in person, *i.e.*, cannot be driving while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

**IT IS SO ORDERED.**

Dated: April 19, 2023

Hon. Bernard G. Skomal
United States Magistrate Judge

---

[5] A Meeting ID will also be included and may be used along with the password to access the conference if necessary.

[6] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646