UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY A. JONES, JR.,<br><br>        Plaintiff,<br><br>v.<br><br>MARCUS POLLARD, Warden, et al.,<br><br>        Defendants. | Case No.: 21-cv-0162-GPC-BGS<br><br>**ORDER DENYING (1) PLAINTIFF'S MOTION REQUESTING THE COURT TO SANCTION DEFENDANT'S COUNSEL AND REQUESTING DEPOSITION TRANSCRIPTS [ECF 84] AND (2) MOTION REQUESTING SANCTIONS [ECF 88]** |

  On May 8, 2023, Plaintiff filed a Motion Requesting the Court to Sanction Defendant's Counsel and Requesting Deposition Transcripts [ECF 84]. Defendant filed an opposition to the motion on May 22, 2023 [ECF 87]. Plaintiff mailed a second Motion Requesting Sanctions on or about May 13, 2023, which was received by the Court on May

19, 2023, and filed on May 22, 2023 [ECF 88], after the filing of Defendant's opposition.[1] For the following reasons, Plaintiff's motions are hereby **DENIED**.

A.     **Motions for Sanctions**

Plaintiff's initial motion for sanctions seeks the imposition of sanctions against Defendant's counsel for asking "inappropriate questions" about lawsuits paid for by his "power of attorney" during his deposition. (ECF 84 at 1-2.) Plaintiff claims that counsel's questioning was an attempt to "injure, threaten, or intimidate" him and his power of attorney. (*Id.* at 2.) Plaintiff did not set forth any basis for the imposition of sanctions in his motion, (*id.* at 1-2), and thus failed to demonstrate that sanctions are warranted. Moreover, the Court has reviewed the deposition transcript related to this line of questioning, provided by Defendant's counsel, (*see* ECF 87-1 at 9-14), and finds that counsel's questioning was not inappropriate. Therefore, no sanctions are warranted under any of the potentially applicable Federal Rules of Civil Procedure, including Rules 11, 30, and 37, nor under any statute or the Court's inherent authority.

In his second motion for sanctions, Plaintiff states that the police came to the home of his "power of attorney" and asked to enter. (ECF 88 at 1.) The officers also allegedly asked the power of attorney if they could take pictures of him and his license plate. (*Id.*) Plaintiff contends that this was not a coincidence and is related to the questioning about his power of attorney by Defendant's counsel, employed by the Office of the Attorney General,

---

[1] The second motion for sanctions indicates in the caption that it is also a "Motion Requesting a TRO for a Third Party." (ECF 88 at 1.) The text of the motion, however, does not contain any reference to or support for a temporary restraining order. Therefore, the Court declines to construe the motion as a request for a temporary restraining order. Furthermore, Federal Rule of Civil Procedure 65 provides that the court may issue a temporary restraining order only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result *to the movant* before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A) (emphasis added). Thus, even if the Court were to consider Plaintiff's motion as seeking a temporary restraining order, such an order would not be appropriate in this case because it appears to contemplate some form of relief for a third party, not Plaintiff.

during his deposition. (*Id.* at 2.) Plaintiff argues that sanctions are warranted for Defendant's counsel's "inappropriate behavior" under Civil Local Rules 83.1 and 83.5. (ECF 88 at 1.)[2]

Civil Local Rule 83.1 provides that the failure of counsel or of any party "to comply with these rules, with the Federal Rules of Civil . . . Procedure, or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or rule or within the inherent power of the Court." CivLR 83.1(a). Plaintiff does not identify any rule, statute, or court order serving as the basis for his request for sanctions beyond this local rule. The Court finds that Plaintiff's second motion for sanctions, like his first motion, fails to establish that sanctions are warranted under any of the Federal Rules of Civil Procedure, any statute, or the Court's inherent authority.

Accordingly, Plaintiff's motions for sanctions are both **DENIED**.

B.  **Motion for Deposition Transcript**

Plaintiff appears to believe that he is entitled to a free copy of his deposition transcript. (ECF 84 at 1-2.) This is not the case. Under Rule 30, "*When paid reasonable charges*, the [stenographer] must furnish a copy of the transcript or recording to any party or the deponent." Fed. R. Civ. 30(f)(3) (emphasis added). Therefore, if Plaintiff wishes to have a copy of his deposition transcript, he must pay for it. Furthermore, to the extent that Plaintiff argues that he should have been provided his transcript for review, Rule 30 provides that "[o]n request by the deponent or a party *before the deposition is completed*, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which . . . to review the transcript or recording." Fed. R. Civ. P. 30(e)(1) (emphasis added). There is no indication that Plaintiff made this request before the completion of his deposition.

Plaintiff's motion for deposition transcript is therefore **DENIED**.

---

[2] There is no Civil Local Rule 83.5.

### C. Plaintiff Did Not Seek to File his Motion Under Seal

Plaintiff's second motion for sanctions includes a handwritten notation that it is being filed "under seal." (ECF 88 at 1.) Civil Local Rule 2.2 provides: "A document may not be filed under seal unless authorized by an order entered by the judge before whom the hearing or proceeding related to the proposed sealed document will take place." CivLR 2.2. Here, Plaintiff did not seek an order permitting his motion to be filed under seal. Therefore, his motion was not filed under seal. Plaintiff must bear in mind that in order to overcome the strong presumption of public access to court records, a party seeking to seal a judicial record must articulate compelling reasons supported by specific factual findings. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). He is cautioned that any future requests to file documents under seal must meet this standard.

**IT IS SO ORDERED**.

Dated: May 30, 2023

Hon. Bernard G. Skomal
United States Magistrate Judge