UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY A. JONES, JR.,<br><br>          Plaintiff,<br><br>v.<br><br>MARCUS POLLARD, Warden; KATHLEEN ALLISON, Secretary of the California Department of Corrections and Rehabilitation; and JOHN DOES 1-6,<br><br>          Defendants. | Case No.: 21CV162-GPC(BGS)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION; GRANTING MOTION TO RETAX COSTS; DENYING MOTION FOR THE APPOINTMENT OF COUNSEL**<br><br>**[ECF Nos. 102, 105]** |

  Before the Court is Plaintiff Henry A. Jones, Jr.'s motion for reconsideration and what the Court construes to be a motion to retax costs. ECF No. 102. Defendant Marcus Pollard filed a response in opposition, ECF No. 106, and Plaintiff replied, ECF No. 109. Also before the Court is Plaintiff's third motion requesting the appointment of counsel. ECF No. 105. The Court finds the matter suitable for decision based upon the papers and vacates the hearing scheduled for October 27, 2023. Based on the reasoning below, the Court DENIES the motion for reconsideration, GRANTS the motion to retax costs, and DENIES the motion to appoint counsel as moot.

**Background**

On January 27, 2021, Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint under 42 U.S.C. § 1983 alleging that Pollard—warden of the prison where Plaintiff was previously incarcerated—and others failed to prevent the spread of COVID-19 in the prison and quarantined COVID-19 positive inmates in the mental health building where Plaintiff was housed, allegedly causing Plaintiff to be infected with COVID-19.  ECF No. 1.  Plaintiff moved to proceed in forma pauperis ("IFP"), ECF No. 2, but the Court denied the motion because Plaintiff was barred from proceeding IFP pursuant to 28 U.S.C. § 1915(g) because he had previously filed multiple civil suits that had been dismissed for failure to state a claim, ECF No. 5.  Plaintiff subsequently paid the filing fee.  ECF No. 9.

After overcoming a motion to dismiss as to Defendant Pollard, ECF No. 39, Plaintiff moved to amend his complaint "only changing jurisdiction to American Disability Act," ECF No. 66 at 1.  What precisely Plaintiff sought to add to his complaint is unclear, but his motion references being housed in a higher level security prison than necessary and receiving insufficient services for his mental illness.  *Id.*  The government opposed the motion to amend, arguing that Plaintiff was attempting to add unrelated claims, ECF No. 69 at 1—which prompted Plaintiff to move to withdraw the motion to amend and explain that he did not mean to add new defendants or new claims, ECF No. 70 at 1.  The Court granted the motion to withdraw.  ECF No. 71.

The complaint proceeded to summary judgment against only Defendant Pollard ("Defendant") on the claim that he violated the Eighth Amendment by placing inmates infected with COVID-19 in Plaintiff's building.  ECF No. 98 at 3.  The Court granted summary judgment on July 24, 2023, finding that Plaintiff failed to show that Defendant's decisions caused Plaintiff to contract COVID-19, *id.* at 10, and holding that Defendant was not deliberately indifferent because by designating quarantine cells in the mental health building, he was reasonably attempting to limit the spread of COVID-19, *id.* at 15.

On August 2, 2023, Defendant submitted a Bill of Costs requesting $1,728.20 in costs for transcripts of depositions of Plaintiff: $565 for a certificate of non-appearance for a deposition at which plaintiff did not appear and $1,163.20 for a completed deposition.  ECF No. 100 at 1; ECF 100-3 at 2; ECF No. 100-4 at 2.  Plaintiff did not file a response, but filed the instant motion to reconsider, which contests the Bill of Costs, on August 16, 2023.  ECF No. 102.  Following a hearing, on August 23, 2023 the Clerk of Court taxed costs against Plaintiff for the full $1,728.20.  ECF No. 104.  Plaintiff moved for the appointment of counsel on August 31, 2023.  Defendant filed a response in opposition to the motion for reconsideration, in which he argued against retaxing costs, on September 5, 2023.  ECF No. 106.  Plaintiff replied on October 18, 2023.  ECF No. 109.  The Court accepts the Plaintiff's reply even though it was not timely filed because Plaintiff states that he placed the reply in his unit's mailbox before the deadline, on October 6, 2023.  ECF No. 108 at 16.

## Motion for Reconsideration

Plaintiff contends that the Court's summary judgment order is incorrect and argues that he should be permitted to reopen discovery and amend his complaint under the Americans with Disabilities Act ("ADA").  ECF No. 102 at 1-3 ("I am now enforcing my rights under the American [D]isability Act"); ECF No. 109 at 1 ("discovery should be reopened").  Plaintiff captions his motion as under Federal Rule of Civil Procedure ("Rule") 59.  ECF No. 102 at 1.  Liberally construing Plaintiff's motion due to his pro se status, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court will review his motion for reconsideration under Rule 59(e) and Rule 60(b).  *See United States v. Martin*, 226 F.3d 1042, 1048 & n.8 (9th Cir. 2000) (holding that a district court may reconsider a "final, appealable order[]" under Rule 59(e) or Rule 60(b)).

"A motion for reconsideration under Rule 59(e) should not be granted[] absent highly unusual circumstances[.]" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks and citation omitted).  Relief is appropriate only when "(1) the district court is presented with newly discovered

evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011). Clear error means that "the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (citation omitted). Granting a motion to reconsider is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). It is not a mechanism for raising arguments or presenting evidence for the first time that could have previously been raised. *Id.* A district court has "considerable discretion" in reviewing a Rule 59(e) motion. *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

Similarly, Rule 60(b) permits the Court to relieve a party from a final judgment if they show (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud by an opposing party; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) "extraordinary circumstances which would justify relief." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b). The standard for "extraordinary circumstances" under "Rule 60(b)(6) is high, and such relief should be granted sparingly to avoid manifest injustice." *Riley v. Filson*, 933 F.3d 1068, 1071 (9th Cir. 2019) (internal quotation marks and citations omitted). "Rule 60(b) cannot be used as a vehicle to bring new claims." *Jones v. Ryan*, 733 F.3d 825, 836 (9th Cir. 2013).

Plaintiff characterizes the Court's dismissal of his claims as erroneous, ECF No. 102 at 1, and refers to three errors in the Court's summary judgment order. First, he suggests that the Court misunderstood "his wording." ECF No. 102 at 1. However, the page of the Court's summary judgment order that Plaintiff cites discusses *Defendant's* arguments and concessions, not Plaintiff's. *Id.* at 1 (citing ECF No. 98 at 11). Second, Plaintiff contends that Defendant's motion for summary judgment incorrectly stated that

Plaintiff refused an offer to be moved to another building and requests that discovery be reopened so that he can prove it. ECF No. 109 at 1-2. But the Court did not mention, let alone rely on, this allegation in its summary judgment order, so the Court cannot have erred on this basis. ECF No. 98 (absence). Third, Plaintiff argues that the Court has "changed it's [sic] narrative on the facts" because it found that he pled sufficient facts to partially overcome the motion to dismiss and then dismissed his case at summary judgment. *See* ECF No. 109 at 2. But these holdings are consistent because, as described in the relevant orders, the legal standards for a motion to dismiss and for a motion for summary judgment are different. On a motion to dismiss the Court must assume the truth of the factual allegations in the complaint and determine whether Plaintiff's claim is plausible, ECF No. 39 at 4, while on a motion for summary judgment, the Court must assess whether the plaintiff has made a sufficient showing of the elements of their case such that a rational trier of fact could find for them. ECF No. 98 at 8. The Court's orders denying the motion to dismiss and granting summary judgment are therefore consistent. Plaintiff does not point to any other errors in the summary judgment order and the Court does not perceive any.

Plaintiff also suggests that the Defendant committed some form of fraud by filing for summary judgment because he "circumvented" the Court's scheduling order directing the parties to a Mandatory Settlement Conference. ECF No. 109 at 1, 3; *see also* ECF No. 82 (setting Mandatory Settlement Conference). But filing a motion for summary judgment before a mandatory settlement conference is not fraud; it is standard procedure. And a grant of summary judgment and dismissal of the case moots the need for a mandatory settlement conference. Additionally, the order was not manifestly unjust: Defendant was not deliberately indifferent by designating quarantine cells in Plaintiff's building because he was reasonably attempting to limit the spread of COVID-19 in the prison. *See* ECF No. 98 at 14-16. And finally, there is no newly discovered evidence or intervening case law. ECF No. 102 (absence). In short, this is not the rare case where an

"extraordinary" remedy is warranted. *Kona Enters.*, 229 F.3d at 890; *Sch. Dist. No. 1J, Multnomah Cnty.*, 5 F.3d at 1263.

The thrust of Plaintiff's argument is that he should have been, or should now be, allowed to raise a claim under the ADA. ECF No. 102 at 1-3. But Plaintiff may not use a motion for reconsideration to raise an argument or claim that he could have reasonably raised earlier, *see Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 859 (9th Cir. 2022), and he could have raised the ADA claim earlier. Indeed, Plaintiff initially requested leave to amend his complaint to assert an ADA claim. ECF No. 66 at 1. However, upon the government's opposition to the motion to amend, ECF No. 69, Plaintiff moved to withdraw his request to amend—explaining that he was not attempting to add new claims or defendants, ECF No. 70—and the Court granted it, ECF No. 71. In his motion and reply, Plaintiff states that he "[felt] compelled to with[draw]" and withdrew the motion "in good faith" because the government opposed and that he is now "enforcing his rights under the American [D]isability Act." ECF No. 109 at 2; ECF No. 102 at 2. Nonetheless, Plaintiff may not raise a new cause of action or otherwise amend his complaint at this stage absent new evidence or law. *See Berman*, 30 F.4th at 859.

To the extent Plaintiff challenges the Court's decision to grant Plaintiff's motion to withdraw his motion to amend the complaint, ECF No. 71, the motion is untimely. Local Rule 7.1(i)(2) requires applications for reconsideration to be filed within 28 days of the order being challenged.[1] The Court granted Plaintiff's motion to withdraw his motion to amend on November 28, 2022, ECF No. 71, almost ten months before Plaintiff filed the

---

[1] Contrary to Defendant's assertion, the order granting Plaintiff's motion to withdraw his motion to amend the complaint is not reviewable under Rule 60(b), or Rule 59(e) for that matter, because it is not a final, appealable order. *See Martin*, 226 F.3d at 1048 n.8; ECF 106 at 4. But, "[a]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause[.]" *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981) (emphasis omitted).

instant motion on August 16, 2023, ECF No. 102. But even if the motion were timely, the order was not erroneous or unjust. *See Smith*, 727 F.3d at 955. It simply granted Plaintiff's own request to withdraw his motion to amend his complaint because he did not wish to raise any new claims. ECF No. 71 at 2.

Plaintiff's reply also seems to take issue with the Court's grant of judicial notice of Case No. 21-cv-00055 in its order denying in part Defendants' motion to dismiss. ECF No. 109 at 2. To the extent his reply is a request for reconsideration, it is untimely under Local Rule 7.1(i)(2) because the order Plaintiff references was filed on March 9, 2022, ECF No. 109 at 2 (citing ECF No. 39), almost a year and half before Plaintiff filed his reply on October 18, 2023.

Finally, Plaintiff requests that the Court make Defendant settle. ECF No. 109 at 13. But though the Court can order parties to a settlement conference, *United States v. U.S. Dist. Ct. for N. Mariana Islands*, 694 F.3d 1051, 1053 (9th Cir. 2012), it does not have the power to force a party to settle, *Rogers v. Giurbino*, No. 11-cv-560, 2016 WL 3878163, at *3 (S.D. Cal. July 18, 2016).

Accordingly, the Court DENIES Plaintiff's motion for reconsideration.

### Motion to Retax Costs

The Court construes Plaintiff's argument that he should not be liable to pay the $1,728.20 Bill of Costs as a motion to retax costs.[2] ECF No. 102 at 4; *see also* ECF No. 106 at 5-6 (Opposition responding to Plaintiff's argument as a motion to retax costs); *see Erickson*, 551 U.S. at 94 (holding that pro se filings should be liberally construed).

---

[2] That the Plaintiff filed the instant motion before the Clerk of Court taxed costs does not affect the Court's decision to construe this argument as motion to retax costs. ECF No. 102 (instant motion); ECF No. 104 (costs taxed); *cf. Draper v. Rosario*, 836 F.3d 1072, 1086 (9th Cir. 2016) (holding that a notice of appeal of the final judgment filed prior to the award of costs incorporated the appeal of a denial of a motion to retax costs because "the judgment incorporates the district court's cost award").

|   |   |
|---|---|
| 1 | Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order |
| 2 | provides otherwise, costs—other than attorney's fees—should be allowed to the |
| 3 | prevailing party."  This rule "creates a presumption in favor of awarding costs to a |
| 4 | prevailing party, but vests in the district court discretion to refuse to award costs."  *Ass'n* |
| 5 | *of Mexican-American Educ. v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). |
| 6 | To deny costs to the prevailing party, the district court must specify its reasoning.  *Id.* |
| 7 | This is "in essence, a requirement that the court explain why a case is not 'ordinary' and |
| 8 | why, in the circumstances, it would be inappropriate or inequitable to award costs."  *Id.* at |
| 9 | 593.  The Ninth Circuit has explained that some "[a]ppropriate reasons for denying costs |
| 10 | include: (1) the substantial public importance of the case, (2) the closeness and difficulty |
| 11 | of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's |
| 12 | limited financial resources, and (5) the economic disparity between the parties."  *Escriba* |
| 13 | *v. Foster Poultry Farms, Inc.*, 743 F.2d 1236, 1247-48 (9th Cir. 2014).  All of these |
| 14 | circumstances need not be present for a district court to refuse to award costs.  *Draper v.* |
| 15 | *Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016).  Still, indigency alone, including |
| 16 | proceeding IFP, does not "exempt a prisoner from paying costs."  *Id.* |

Plaintiff argues only that he is not obligated to pay costs because he did not enter into a contract to do so.  ECF No. 102 at 4.  But costs to the prevailing party in litigation are authorized by the Federal Rules.  Fed. R. Civ. P. 54(d).  Defendant argues that costs should not be retaxed because although Plaintiff has limited resources, he paid the filing fee, the case was not close or difficult, and the amount of costs, $1,728.20, is too moderate to have a chilling effect on future prisoner civil rights litigation.  ECF No. 106 at 6.  The Court disagrees.

As Defendant acknowledges, Plaintiff is incarcerated and has essentially no resources.  *Id.*  In his own words, he also has "severe mental illness."  ECF No. 66 at 1.

At the time he filed the complaint and requested to proceed IFP in January 2021,[3] Plaintiff had no checking account and no form of income other than a COVID-19 stimulus check. ECF No. 2 at 2; *see Draper*, 836 F.3d at 1089 (considering the plaintiff's lack of income and restitution debt at the time he filed his complaint in reviewing the district court's grant of costs). Plaintiff reported that he was awarded $5,400 in a settlement in another case but owes restitution and court fees exceeding that amount. ECF No. 2 at 2-3. Plaintiff has no income or assets from which to pay these costs, even assuming he is permitted to pay only a portion of what he owes. *See* 28 U.S.C. § 1915(f)(2)(B), (b)(1) (holding that prisoners can pay 20% of monthly deposits into their account or 20% of their average monthly balance). And the Ninth Circuit has held that "[c]osts are properly denied when a plaintiff would be rendered indigent should []he be forced to pay the amount assessed." *Escriba*, 743 F.3d at 1248; *see also Meeks v. Parsons*, No. 1:03-cv-6700, 2010 WL 2867847, at *1 (E.D. Cal. July 21, 2010) (denying costs primarily because of the plaintiff's indigency); *Reed v. Moore*, No. 2:05-cv-00060, 2011 WL 703618, at *2 (E.D. Cal. Feb. 18, 2011) (same).

The Court agrees with Defendant that the case was not especially close or difficult, but nor was it frivolous. Plaintiff had a legitimate, though losing, complaint about Defendant's COVID-19 policies, a complaint allegedly made by a number of inmates, ECF No. 1 at 3. Prison policies regarding highly communicable diseases are of substantial public importance, and over $1,700, while small in relation to of what litigation costs can be, is an extraordinary sum for most inmates and enough to chill future civil rights litigation. As the Ninth Circuit explained in the context of prisoner

---

[3] Although *Stanley v. Univ. of S. California*, 178 F.3d 1069, 1080 (9th Cir. 1999) observed that the losing party's resources should be assessed at the time costs were taxed, in *Draper*, 836 F.3d at 108, the Ninth Circuit considered an incarcerated plaintiff's resources at the time he filed his complaint. Here, there is no indication that Plaintiff's resources have changed between when he filed his complaint and when costs were taxed because he was incarcerated for the duration of that time.

complaints about excessive force, "[m]any would-be litigants in Eighth Amendment . . . cases . . . have virtually no resources.  Even those with meritorious cases may choose not to risk an unsuccessful lawsuit that could add to the fees and costs associated with conviction and imprisonment." *Id.* at 1086, 1088 (holding that the district court's award of $3,018 in costs was an abuse of discretion).

Accordingly, the Court GRANTS the motion to retax costs and denies the award of costs to Defendant.

## Conclusion

The Court DENIES Plaintiff's motion for reconsideration of summary judgment and GRANTS the motion to retax costs, denying costs to Defendant.  Because the Court denied the motion for reconsideration of summary judgment, the Court DENIES the motion for the appointment of counsel as moot.

**IT IS SO ORDERED**

Dated:  October 24, 2023

Hon. Gonzalo P. Curiel
United States District Judge